

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
FRANKLIN OLIVARES,

                      Petitioner,

  -against-

ALBERTO GONZALES and IMMIGRATION AND
NATURALIZATION SERVICES,

                      Respondents.
------------------------------------------------------------------- X

05 CV 5554 (ARR)

NOT FOR ELECTRONIC
OR PRINT
PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

On November 28, 2005, Franklin Olivares filed the instant petition, purportedly pursuant to 28 U.S.C. § 2241, and labeled a "petition to compel the Immigration and Naturalization Services to Withhold Deportation Pursuant to I.N.A. § 212(c)."[1] After the Second Circuit, to which this court had transferred the case, dismissed the petition for lack of jurisdiction, petitioner moved in this court for reinstatement. By opinion and order dated July 20, 2007, the court denied the motion to reinstate the petition. The court found that petitioner's attempt to obtain relief pursuant to § 212(c) was premature because he was

> not the subject of any pending immigration proceedings nor of an administratively final order of deportation or removal. Therefore, he may not apply for § 212(c) relief at this time. Moreover, this court lacks jurisdiction to compel immigration authorities to commence proceedings against petitioner and adjudicate his application for § 212 (c) relief.

(Dkt. No. 5 at 4.)

---

[1] Petitioner pled guilty to a narcotics-related offense on January 21, 1997, and on May 14, 1998, he was sentenced by this court to 168 months of imprisonment and five years of supervised release. (See United States v. Frank Olivares, No. 96 Crim. 30 (ARR).) Petitioner is currently incarcerated in a federal correctional institution located in the Northern District of Ohio.

1



By letter dated August 6, 2007, petitioner asks the court to reconsider this ruling. (Dkt. No. 6.) Petitioner argues that the Attorney General's argument that "the Department of Homeland Security has not issued petitioner a Notice to Appear charging him as deportable or inadmissible" was "deceitful" because the government lodged an immigration detainer against him on April 2, 2007. Citing the detainer as an already-formed plan to remove him from the United States, petitioner asks the court to compel a hearing to determine whether he is deportable and, if so, whether he qualifies for relief under § 212(c).

The immigration detainer lodged against petitioner states only that an "[i]nvestigation has been initiated to determine whether this person is subject to removal from the United States." Importantly, the detainer indicates that "[a] Notice to Appear or other charging document initiating removal proceedings" has not yet been served. The lodging of the detainer does not alter this court's conclusion that petitioner's attempt to obtain § 212(c) relief is premature. The mere lodging of a detainer is distinct from the commencement of removal proceedings. If proceedings are commenced, petitioner will be able to apply for § 212(c) relief "in the course of proceedings." 8 C.F.R. § 1212.3(a). Accordingly, petitioner's motion for reconsideration is denied.

SO ORDERED.

            s/ Judge Allyne R. Ross

            _____
            Allyne R. Ross
            United States District Judge

Dated: August 16, 2007
    Brooklyn, New York

SERVICE LIST

Petitioner
Franklin Olivares
#51278-053
FCI Elkton
P.O. Box 10
Lisbon, OH 44432

Attorneys for Respondents
Kelly Walls
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, D.C. 20044

Scott Dunn
United States Attorneys Office
One Pierrepont Plaza
11th Floor
Brooklyn, NY 11201